UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ARTIS CASON, )
  )
    Petitioner, ) CASE NO. C11-1412-JLR
  )
  v. )
  ) REPORT AND RECOMMENDATION
SCOTT FRAKES, et al. )
  )
    Respondents. )
_____ )

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner James Cason has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge a 2008 King County Superior Court judgment and sentence.[1] Respondent has filed a motion to dismiss the petition. Petitioner has not filed a response to respondent's motion. This Court, having carefully reviewed the petition, respondent's motion to dismiss, and the balance of the record, concludes

---

[1] Petitioner was in the physical custody of the Washington Department of Corrections at the time he filed his federal habeas petition. However, it appears that petitioner has now been released from custody though his current whereabouts is unknown as petitioner has not updated his address with the Court.

REPORT AND RECOMMENDATION
PAGE -1

that respondent's motion to dismiss should be granted and that petitioner's federal habeas petition, and this action, should be dismissed without prejudice.

## PROCEDURAL HISTORY

In May 2008, petitioner was convicted, following a jury trial, on a charge of assault in the second degree while armed with a deadly weapon. (*See* Dkt. No. 9 at 43.) He was thereafter sentenced to a term of 72 months confinement. (*See id.*) Petitioner filed a notice of appeal on June 24, 2008, and the Washington Court of Appeals affirmed petitioner's conviction on August 30, 2010. (*See* Dkt. No. 14, Ex. 2 at 1 and 6.) Petitioner thereafter filed a petition for review in the Washington Supreme Court and the Supreme Court denied review on August 10, 2011. (*See id.*, Ex. 2 at 1.) The Court of Appeals issued its mandate terminating direct review on October 28, 2011. (*Id.*)

On November 29, 2010, while his petition for review was pending in the Washington Supreme Court, petitioner filed a personal restraint petition in the Washington Court of Appeals. (*See id.*, Ex. 1.) On December 22, 2010, the Court of Appeals issued an order staying the petition pending issuance of the mandate in his direct appeal. (*Id.*) While it is not clear whether the stay has yet been lifted by the Court of Appeals, despite issuance of the mandate in petitioner's direct appeal, it nonetheless appears clear that the petition remains pending in the Court of Appeals at this juncture. (*Id.*)

Petitioner submitted his federal habeas petition to the Court for filing on August 25, 2011. (Dkt. No. 1.) On October 4, 2011, this Court issued an Order directing that the petition be served on respondent and that respondent file an answer to the petition within 45 days after being served. (Dkt. No. 10.) On November 15, 2011, respondent filed the pending motion to

dismiss in lieu of an answer to the petition. (Dkt. No. 14.) Petitioner has not filed any opposition to the motion.

## DISCUSSION

Respondent argues that this Court should dismiss petitioner's federal habeas petition, without prejudice, because petitioner's personal restraint petition remains pending in the state courts. Respondent asserts that, given the pendency of the personal restraint petition, the Court of Appeals will not release the state court files pertaining to the conviction at issue in this case and, thus, respondent is simply unable to address issues relevant to petitioner's federal habeas claims at this time. Respondent also asserts that petitioner's federal habeas petition is simply not ripe for review at this juncture.

A review of the exhibits which petitioner attached to his federal habeas petition suggests that respondent likely does have sufficient information at this time to file an answer to the petition. However, so long as petitioner has a challenge pending in the state courts to the same conviction at issue in these proceedings, it would be premature for this Court to entertain petitioner's federal habeas petition. Accordingly, respondent's motion to dismiss should be granted.

### Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that respondent's motion to dismiss be granted, and that petitioner's petition for writ of habeas corpus and this action be dismissed without prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this <u>6th</u> day of February, 2012.

Mary Alice Theiler
United States Magistrate Judge